UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY R. BAUMGARTNER,<br><br>                Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>                Respondent. | Case No. 4:19-cv-00326-REB<br><br>**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT** |

Petitioner Rodney R. Baumgartner has filed a Petition for Writ of Habeas Corpus challenging his state court convictions. (Dkt. 1.)

## REVIEW OF PETITION

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

### 1. Background

Following a jury trial in the Fifth Judicial District Court in Cassia County, Idaho, Petitioner was convicted of possession of a controlled substance, possession of a

controlled substance with intent to deliver, and possession of paraphernalia with intent to use, in violation of Idaho Code §§ 37-2721(a)(1)(A), 372732(c)(1), and 37-2734A. (Dkt. 1-1.) The judgment of conviction was entered on August 21, 2018. Petitioner received concurrent unified sentences totaling twelve years' imprisonment with three years fixed. Petitioner filed a direct appeal, which remains pending in Idaho state court. (Dkt. 1 at 3.)

**2.     Discussion**

It appears from the face of the Petition that Petitioner's claims are unexhausted. A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a petition seeking review before that court. *Id.* at 847.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Court determined that federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected petition. In determining whether to exercise discretion to grant a stay, a court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner

INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT - 2

engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. Although the *Rhines* case involved a mixed petition (one that includes both exhausted and unexhausted claims), the Ninth Circuit has extended *Rhines* and determined that "a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

Petitioner's direct appeal remains pending, and he has not requested a *Rhines* stay. Therefore, this case is subject to dismissal without prejudice. If Petitioner intends to file a motion to stay, he must do so within 28 days after entry of this Order, setting forth facts relating to the *Rhines* factors identified above.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has requested in forma pauperis status. Good cause appearing, Petitioner's Application shall be granted, which allows Petitioner to pay the filing fee when and as he can afford to do so, rather than at the time of filing. Petitioner is ordered to pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 4) is GRANTED. Petitioner shall pay the $5.00 filing fee when he next receives funds in his prison trust account.

2. Within 28 days after entry of this Order, Petitioner may file a motion to stay this case pending completion of Petitioner's state court proceedings. If Petitioner does not do so, this case may be dismissed without prejudice.

3. Because Petitioner has not yet been allowed to proceed with the claims in the Petition, Petitioner's request for appointment of counsel (contained in the Petition) is MOOT.

4. Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this case is REASSIGNED to a United States District Judge.

DATED: November 19, 2019

_____
Ronald E. Bush
Chief U.S. Magistrate Judge