UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY R. BAUMGARTNER,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | Case No. 4:19-cv-00326-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

In August 2019, Petitioner Rodney R. Baumgartner filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 1. United States Magistrate Judge Ronald E. Bush reviewed the Petition, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"), and determined that the Petition appeared subject to dismissal as unexhausted. *See* Initial Review Order, Dkt. 6. Judge Bush gave Petitioner an opportunity to move for a stay of this case under *Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner has now filed a motion to stay, but he does not appear to seek a stay of this entire case. Instead, Petitioner moves to "stay the execution of dismissal" of this case. Dkt. 7 at 1. Petitioner has also informed the Court that his state court proceedings—which were still pending at the time he filed the instant Petition—have now been completed. *Id.* at 1–2. Accordingly, the Court will neither stay nor dismiss this case, but will instead

proceed to review the substance of the Petition under Habeas Rule 4.

## REVIEW OF PETITION

The Court concludes, from the face of the Petition, that Petitioner is not entitled to habeas relief. The Court will allow Petitioner an opportunity to amend the petition. Any amended petition should take into consideration the following.

**1.      Standard of Law for Review of Petition**

As the Court stated in its Initial Review Order, federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The habeas rules require a petitioner to "specify all … grounds for relief" and to "state the facts supporting each ground." Habeas Rule 2(c)(1) & (2).

The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.      Discussion**

In his Petition for Writ of Habeas Corpus, Petitioner brings three claims, some of which include sub-claims. Claim 1(a) asserts a Fourth Amendment violation based on an illegal search and seizure. Claim 1(b) alleges that, in securing the search warrant, a

detective violated Idaho Code §§ 18-701 and 18-703.[1] Dkt. 1 at 2.

Claim 2 contains three sub-claims. Claim 2(a) asserts that the prosecutor violated the principles set forth in *Broam v. Bogan*, 320 F.3d 1023 (9th Cir. 2003). *Broam* discussed the differences between absolute and qualified immunity of prosecutors from a claim for damages under 42 U.S.C. § 1983, the civil rights statute. *Id*. at 1028–29. Because Petitioner alleges that the prosecutor directed the allegedly illegal search discussed in Claim 1, the Court will construe Claim 2(a) as a Fourth Amendment claim as well.

Claim 2(b) asserts that the prosecutor "influenced" a witness's testimony. Dkt. 1 at 2. In Claim 2(c), Petitioner asserts that the prosecutor "with[held] [a] witness" at Petitioner's trial. *Id*. The Court construes Claims 2(b) and 2(c) as due process claims of prosecutorial misconduct.[2]

Claim 3 asserts a violation of unidentified "Administrative Rules" and alleges that the judge who signed the search warrant previously had been a prosecutor involved in a separate case against Petitioner.[3] *Id*. at 3.

### A. *Claims 1(a) and 2(a) Appear Barred by* Stone v. Powell

Claims 1(a) and 2(a) assert violations of the Fourth Amendment. However, Fourth Amendment claims generally are not cognizable—meaning that they cannot be raised—in

---

[1] Claim 1 also cites the Fifth and Fourteenth Amendments. Though the Fourteenth Amendment applies in this case in the sense that the Fourth Amendment is incorporated to the States through that Amendment, the Fifth Amendment does not appear to be implicated by the facts described in Claim 1.
[2] Claim 2 does not appear to implicate the Sixth Amendment, which Petitioner also cites.

[3] Claim 3 also cites the Second and Eighth Amendments, which do not appear to be implicated by the facts alleged in that claim. The Second Amendment guarantees the right to bear arms, while the Eighth Amendment prohibits cruel and unusual punishments.

federal habeas proceedings. *See Stone v. Powell*, 428 U.S. 465 (1976).

In *Stone*, the United States Supreme Court held that, so long as the state provided the petitioner an opportunity for full and fair litigation of his Fourth Amendment claim in state court, a federal court cannot grant habeas corpus relief on the ground that evidence was obtained in violation of the Fourth Amendment. *Id*. at 494. The *Stone* rule is based on the principle that the exclusionary rule is "not a personal constitutional right" but is instead a practical way to deter police conduct that violates the Fourth Amendment. *Id.* at 486. The social costs of the exclusionary rule are heavy—the rule "deflects the truthfinding process and often frees the guilty." *Id.* at 490. On collateral review of a criminal conviction, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." *Id.* at 494–95.

To determine whether a petitioner had a full and fair opportunity to challenge his Fourth Amendment claim in state court, the Court "inquire[s] into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims." *Sanna v. Dipaolo*, 265 F.3d 1, 8 (1st Cir. 2001). If the Court determines that the state court procedures are adequate, the inquiry ends there. *Id*. at 8–9. That is, "[s]o long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims." *Id*. at 9. Stated another way, "[t]he relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided."

*Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). The petitioner bears the burden of proving the lack of a full and fair opportunity to litigate a Fourth Amendment claim. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Here, the decision of the Idaho Court of Appeals reveals that Petitioner filed a motion to suppress in the trial court, which was denied, and that Petitioner appealed the denial of that motion. *See* Dkt. 7-1, Ex. to Request for Stay, at 3. The state appellate court considered Petitioner's Fourth Amendment claim before determining that the evidence was legally obtained. *See id.* at 3–6. Therefore, it appears to the Court that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court and that, therefore, Claims 1(a) and 2(a) are not cognizable. *See* Habeas Rule 4.

### B. *Claims 1(b) and 3 Do Not Assert Violations of Federal Law*

As stated previously, federal habeas relief lies only for errors of federal law. Claim 1(b) asserts violations of Idaho state law and, therefore, is noncognizable. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Claim 3 does not state any federal basis for habeas relief. Thus, Claim 3 is also subject to dismissal as noncognizable.

The Court notes that Claim 3 might be intended as a claim of judicial bias under the Fourteenth Amendment. If so, Petitioner is advised that the single allegation in Claim 3—that the judge who signed the warrant previously prosecuted Petitioner in another case while employed by the prosecutor's office—is insufficient to support a claim of judicial bias. *See* Habeas Rule 2(c)(1) & (2).

Due process entitles a criminal defendant to "a fair trial in a fair tribunal, before a

judge with no actual bias against the defendant or interest in the outcome of [the] particular case." *Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (internal quotation marks and citation omitted). The mere appearance of impropriety, or of a conflict of interest as asserted in Claim 3, is generally not sufficient to constitute a denial of due process.

The probability of a judge's actual bias is "too high to be constitutional tolerable" only in narrow circumstances. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). There are "three circumstances in which an appearance of bias—as opposed to evidence of actual bias—necessitates recusal":

> First, due process requires recusal of a judge who has a direct, personal, substantial pecuniary interest in reaching a conclusion against one of the litigants.
>
> Second, due process requires recusal if a judge becomes embroiled in a running, bitter controversy with one of the litigants….
>
> Third, due process requires recusal if the judge acts as part of the accusatory process.

*Crater v. Galaza*, 491 F.3d 1119, 1131 (9th Cir. 2007) (internal quotation marks, alterations, and citations omitted). The third circumstance involves a situation where the judge participated in the accusatory process in the very case before him or her—not in a prior case against the same defendant. *See In re Murchison*, 349 U.S. 133, 137 (1955) (holding that due process does not permit a judge "to act as a grand jury and then try the very persons accused as a result of his investigations"); *see also id.* at 136 ("[N]o man can be a judge in his own case[,] and no man is permitted to try cases where he has an interest in the outcome.").

Petitioner should keep these standards in mind if he files an amended petition.

### C. Claims 2(b) and 2(c) Do Not Allege Sufficient Facts for Petitioner to Proceed

It appears from the face of the Petition that Petitioner is not entitled to relief on Claims 2(b) and 2(c), which assert claims of prosecutorial misconduct. Petitioner simply has not alleged sufficient facts to allow the Court to review these claims. *See* Habeas Rule 2(c)(1) & (2).

The only allegations in these claims are that the prosecutor influenced the testimony of a witness and withheld a witness from trial. Petitioner does not identify these witnesses, nor does he allege any particular actions on the part of the prosecutor that were allegedly improper. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished) (stating that a habeas petitioner must include—in the petition itself—"all of the information necessary to adjudicate that Petition"). Therefore, the Petition does not give Respondent adequate notice of precisely what Petitioner is asserting in Claims 2(b) and 2(c).

The Court will permit Petitioner to file an amended petition within 28 days after entry of this Order.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Request to Stay (Dkt. 7) is NOTED.

2. Because an amended petition is required for Petitioner to proceed, at this time the Court will deny Petitioner's request for appointment of counsel, which is

contained in the Petition. Petitioner may renew the request for counsel in an amended petition.

3. Petitioner will have 28 days within which to file an amended petition as described above. If Petitioner does not timely amend his petition, this case may be dismissed without further notice for the reasons stated in this Order.

DATED: January 23, 2020

_____
David C. Nye
Chief U.S. District Court Judge